UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAVIER VIDAL et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-1284-JMS-TAB |
| | ) | |
| ROBBIN M. CASSIDY et al., | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.      Introduction**

Plaintiffs' amended complaint presents an example of the "kitchen-sink approach" to pleadings that the Seventh Circuit disfavors and, in many cases, finds inadequate. *See, e.g.*, *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); *Srivastava v. Daniels*, 409 F. App'x 953, 955 (7th Cir. 2011) (unpublished); *Muhammad v. Oliver*, 547 F.3d 874, 880–81 (7th Cir. 2008). The amended complaint includes a slew of unnecessary parties and inadequately pleaded claims, depicting a lack of research and time taken to properly assess Plaintiffs' case. This haphazard approach was further demonstrated during the July 18, 2012, initial pretrial conference, when the Court raised concerns about several of Plaintiffs' claims. Plaintiffs' counsel was unaware that he alleged a *Monell* claim and did not fully understand the extent of the claims alleged. As more fully set forth below, the Magistrate Judge recommends that Defendants' motion for judgment on the pleadings [Docket No. 17] be granted. Plaintiffs are given 14 days from the date of the adoption to file a second amended complaint.

1

**II.     Background**

The following facts are assumed true for the purpose of Defendants' motion.  On September 8, 2009, S.P., an eleven-year-old girl, was walking near the Stratford Apartments at approximately 5 p.m. when an unknown man approached her and touched her genital area. [Docket No. 9 at 5.]  The police were contacted and S.P. described the man as Hispanic with a blue shirt, dark blue jeans, brown boots, and a mustache.  [*Id.*]  Officer Andrews arrived at the scene and stopped Plaintiff Javier Vidal near the apartment complex.[1]  [*Id.* at 6.]  Vidal is a Hispanic male who was wearing a "bright turquoise blue" shirt.  [*Id.*]  During the stop, S.P. identified Vidal as the man who inappropriately touched her.

Detective Cassidy was assigned the case and secured an arrest warrant for Vidal, who was arrested on September 24, 2009.  [Docket No. 9 at 8.]  Vidal remained in custody until December 7, 2009, when the charges were dropped.  [*Id.*]  On September 21, 2011, Plaintiffs filed a complaint against Defendants, which was amended and includes a multitude of claims: making false or misleading statements in support of the probable cause affidavit, false arrest, false imprisonment, malicious prosecution, abuse of process, a *Monell* claim, and Indiana constitutional claims.  [Docket Nos. 1, 9.]  On April 5, 2012, Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  [Docket No. 17.] Plaintiffs did not file any opposition to Defendants' motion.

---

[1] It is unclear from the amended complaint which police department responded and conducted the investigation.  [*See* Docket No. 9 at 6.]

**III.     Discussion**

  *A.     Felipa Louriano and Master J.V.*

Defendants request that Plaintiffs Felipa Louriano and Master J.V. be dismissed from this case because they are "simply listed as parties to this cause" and the amended complaint "does not contain any factual assertions demonstrating any claim for relief against any identifiable Defendant." [Docket No. 18 at 4–5.] Defendants' argument is well taken. Plaintiffs fail to make any factual allegations involving either Felipa Louriano or Master J.V. and the amended complaint does not assert any legal basis in which these Plaintiffs are entitled to relief. Accordingly, the Magistrate Judge recommends that Defendants' motion for judgment on the pleadings be granted with respect to Felipa Lourianao and Master J.V.

  *B.     Individual capacity claims*

Defendants also argue that individual capacity claims against Defendants Alma Newman and Mark Hamner should be dismissed because there are no allegations of personal involvement. [Docket No. 18 at 8–9.] "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The amended complaint does not assert that Newman or Hamner took any action under the color of state law. Therefore, the Magistrate Judge recommends that Defendants' motion for judgment on the pleadings be granted with respect to individual capacity claims against Newman and Hamner.

  *C.     Absolute immunity*

Defendants further argue that Defendant Matthew Bavender, a deputy prosecutor, is entitled to absolute immunity. [Docket No. 18 at 9.] Prosecutors enjoy absolute immunity for

"acts undertaken . . . in the course of his role as an advocate for the State." *Whitlock v. Brueggemann*, 682 F.3d 567, 576 (7th Cir. 2012). Prosecutors are acting as an advocate of the state when initiating a prosecution and determining whether charges should be brought. *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012); *see also Whitlock*, 682 F.3d at 576–77 ("Once arrest warrants were issued, he was acting as an advocate for the state.").

The amended complaint alleges that Bavender had "reasonable opportunity to act to prevent or minimize the constitutional violations of Mr. Vidal and failed to do so." [Docket No. 9 at 8.] The only factual allegation in support of this claim is that S.P.'s identification of Vidal began wavering after his arrest, although Plaintiffs also claim Bavender was not timely informed that S.P.'s identification was wavering. [Docket No. 9 at 8.] The amended complaint, however, does not assert that Bavender acted before an arrest warrant was issued. Thus, the only allegation against Bavender is that he should not have initiated or maintained a prosecution against Vidal. However, simply initiating or maintaining a prosecution is an action as an advocate of the state and therefore subject to absolute immunity. The mere fact that S.P. later began wavering in her identification of Vidal is insufficient to bar or overcome absolute immunity. *See Whitlock*, 682 F.3d at 579 ("[T]he law is clear that absolute immunity applies to a prosecutor's decisions about evidence and her implementation of her *Brady* responsibilities."). The Magistrate Judge recommends that Defendants' motion for judgment on the pleadings be granted with respect to Bavender.

### D.     *Probable cause*

Defendants also argue that Plaintiffs' probable cause claims should be dismissed against Detective Cassidy. [Docket No. 18 at 11.] Whether there is probable cause is a determination that must be made by looking at the facts as they would have appeared to a reasonable person in the position of the arresting officer at the time of the arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004); *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994). A police officer violates a plaintiff's constitutional rights "only if reasonably well-trained officers in their positions should have known that the testimony or affidavits they provided in support of the warrants would have failed to establish probable cause, so that they should not have applied for the warrants in the first place." *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 742 (7th Cir. 2003).

In other words, a constitutional violation occurs if the officer "knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officers' determinations that probable cause existed for the arrests." *Id.* "Reckless disregard" is defined as "entertain[ing] serious doubts as to the truth of the [police officers'] statements, hav[ing] obvious reasons to doubt the accuracy of the information reported, or fail[ing] to inform the judicial officer of facts they knew would negate probable cause." *Id.* at 743.

To defeat Defendants' motion, the amended complaint therefore must contain sufficient factual matter, if accepted as true, that plausibly asserts that Cassidy made false or misleading statements in support of a probable cause affidavit. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accepting Plaintiffs' allegations as true, the amended complaint contains sufficient factual

5

allegations to support a finding of probable cause for an arrest warrant. The identification of a witness alone is generally sufficient to establish probable cause. *Beauchamp*, 320 F.3d at 743; *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 524 (7th Cir. 2001); *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986). Plaintiffs allege that Cassidy's application for an arrest warrant was based on the description that was provided to the police dispatcher, the proximity and timing of Vidal to the location of the alleged crime, and the victim's identification of Vidal. Thus, there are sufficient factual allegations to support a finding of probable cause.

The amended complaint asserts that Vidal did not exactly meet the description given to the dispatcher and that the identification of Vidal was suspect. [Docket No. 9 at 7.] However, the existence of probable cause is not eliminated simply because some of the evidence is inconsistent or questionable. *See United States v. Funches*, 327 F.3d 582, 586 (7th Cir. 2003); *Beauchamp*, 320 F.3d at 744. While an officer has a duty to investigate further if he or she becomes suspicious, *Beauchamp*, 320 F.3d at 743, minor discrepancies between the description of the suspect and Vidal do not rise to that level of suspicion, especially when considered in conjunction with the witness identification. Furthermore, for purposes of a probable cause determination, it is irrelevant that S.P. began wavering in her identification of Vidal after his arrest [Docket No. 9 at 8], because the Court must look at the facts known at the time of the arrest. *Devenpeck*, 543 U.S. at 152. Moreover, while Plaintiffs also suggest that S.P.'s identification was unreliable [Docket No. 9 at 7, ¶ 35], that does not defeat a finding of probable cause. *See Funches*, 327 F.3d at 586 (probable cause does not require there to be enough evidence at the time of the arrest to support a conviction); *Unites States v. Fryer*, 974 F.2d 813, 821 (7th Cir. 1992) (explaining that reliability of an identification is a question of admissibility

to be determined after the arrest).

The amended complaint also asserts that an alibi was provided at the September 8, 2009, interview with Cassidy, and Vidal was not arrested until September 14, 2009. [Docket No. 9 at 7–8.] The amended complaint, however, does not allege that Cassidy failed to consider or disclose the alibi, and Plaintiffs do not allege that the alibi conclusively established Vidal's whereabouts. *See Nelson v. Vill of Lisle, Ill.*, 437 F. App'x 490, 494 (7th Cir. 2011) (unpublished) (explaining that police are not required to investigate every potentially exculpatory detail unless that detail "conclusively established" evidence that defeats probable cause); *Beauchamp*, 320 F.3d at 744 (same). Ultimately, the detective applied for and was granted an arrest warrant before arresting Vidal. The amended complaint does not allege facts, if accepted as true, that plausibly support a claim that Cassidy knowingly, intentionally, or with a reckless disregard for the truth made false or misleading statements to obtain the arrest warrant. Accordingly, the Magistrate Judge recommends that Defendants' motion for judgment on the pleadings be granted as to Plaintiffs' claim that Cassidy made false or misleading statements in support of a probable cause affidavit.

### E. *Qualified immunity*

Defendants also argue that Defendants Cassidy, Andrews, Newman, and Hamner are entitled to qualified immunity. [Docket No. 18 at 17.] Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "When making a qualified immunity determination, a court considers (1) whether the plaintiff's allegations show that the defendant

violated a constitutional right, and (2) whether that right was 'clearly established' at the time of the defendant's conduct." *Hernandez ex rel. Hernandez v. Foster*, 657 F.3d 463, 473 (7th Cir. 2011).

The amended complaint does not allege that Newman or Hamner knowingly violated a constitutional right. In fact, there are no factual allegations in the amended complaint concerning Newman or Hamner. With respect to Andrews, the amended complaint asserts that he inappropriately identified Vidal as a suspect. [Docket No. 9 at 7.] However, the amended complaint does not allege that Andrews arrested Vidal and the allegations set forth in the amended complaint support a finding of reasonable suspicion to stop Vidal. Finally, Cassidy obtained an arrest warrant before arresting Vidal. As discussed above, the amended complaint does not adequately allege misconduct on part of Cassidy when obtaining that warrant and there are sufficient facts to support a finding of probable cause. Thus, qualified immunity provides an additional basis to grant Defendants' motion for judgment on the pleadings as to Cassidy, Andrews, Newman, and Hamner.

  *F.* *Monell claims*

Defendants next challenge Plaintiffs' *Monell* claim against Defendants Paul Ciesielski, Frank Straub, Gregory Ballard, IMPD, IPSD, and the City of Indianapolis. A properly pleaded § 1983 claim requires a plaintiff to allege facts, if accepted as true, that demonstrate a deprivation of a constitutional right by a municipal policy or custom. *Kujawski v. Bd. of Comm'rs of Bartholomew Cnty.*, 183 F.3d 734, 737 (7th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 649 (1978)). The amended complaint must allege a series of bad acts from which the Court can infer the "policymaking level of government was bound to have

noticed what was going on and by failing to do anything must have encouraged or at least condoned, thus in either event adopting, the misconduct of subordinate officers." *Jackson v. Marion Cnty.*, 66 F.3d 151, 152 (7th Cir. 1995); *see also Garrison v. Burke*, 165 F.3d 565, 572 (7th Cir. 1999) (stating that final policymaking authority must deliberately choose to ignore complaints). "When this method of proof is used, proof of a single act of misconduct will not suffice; for it is the series that lays the premise of the system of inference." *Jackson*, 66 F.3d at 152. But the series of misconduct must be something more than isolated random acts. *Palmer v. Marion Cnty.*, 327 F.3d 588, 596 (7th Cir. 2003).

Plaintiffs do not allege a series of misconduct. Plaintiffs only allege a single incident of misconduct, namely Vidal's arrest and attempted prosecution. Plaintiffs also do not allege that the policymaking level of government was aware of Vidal's arrest, let alone received complaints about false arrests and deliberately chose to ignore those complaints. And as noted at the outset, Plaintiffs' counsel was given an opportunity at the July 18, 2012, initial pretrial conference to explain any basis for the *Monell* claim and not only was unable to do so but was unaware that the amended complaint even asserted such a claim. Accordingly, Plaintiffs have not adequately alleged the custom or policy requirement. The Magistrate Judge therefore recommends that Defendants' motion be granted with respect to Plaintiffs' *Monell* claim against Ciesielski, Straub, Ballard, IMPD, IPSD, and the City of Indianapolis.

### G. *Malicious prosecution and abuse of process*

Defendants also seek to dismiss Plaintiffs' Fourth and Fourteenth Amendment U.S. constitutional claims for malicious prosecution and abuse of process against Cassidy. [Docket No. 18 at 10.] Even assuming "that some of the interests granted historical protection by the

common law of torts (such as . . . malicious prosecution) are protected by the Due Process Clause[,] . . . a state actor's random and unauthorized deprivation of that interest cannot be challenged under 42 U.S.C. § 1983 so long as the State provides an adequate postdeprivation remedy." *Hart v. Mannina*, No. 1:10-CV-1691-WTL-MJD, 2012 WL 188055, at *6 (S.D. Ind. Jan. 23, 2012) (quoting *Albright v. Oliver*, 510 U.S. 266, 283–84 (1994)). Indiana recognizes claims for malicious prosecution and abuse of process. *Hart*, 2012 WL 188055, at *6 (citing *Lindsay v. Jenkins*, 574 N.E.2d 324 (Ind. Ct. App. 1991); *Livingston v. Indianapolis*, 398 N.E.2d 1302 (Ind. Ct. App. 1979)). Thus, Plaintiffs cannot bring these claims under 42 U.S.C. § 1983. Accordingly, Defendants' motion for judgment on the pleadings for U.S. constitutional malicious prosecution and abuse of process claims against Cassidy should be granted.

### H. *Indiana constitutional claims*

Pursuant to the Indiana Constitution, Plaintiffs also seek damages for violations of Vidal's rights. [Docket No. 9 at 2.] "There is no explicit language in the Indiana Constitution providing any specific remedy for violations of constitutional rights." *Cantell v. Morris*, 849 N.E.2d 488, 499 (Ind. 2006). Whether an implied damages remedy exists under the Indiana Constitution is a complex issue that the Indiana Supreme Court has not fully addressed. *See id.* at 507. Nonetheless, "no Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution." *Smith v. Ind. Dep't of Corr.*, 871 N.E.2d 975, 985 (Ind. Ct. App. 2007). Moreover, "[w]ith one exception, the federal district courts that have addressed the issue have found it unlikely that Indiana Courts would recognize an implied right of action for damages under the Indiana Constitution." *Id.* (citing *Fidler v. City of Indianapolis*, 428 F. Supp. 2d 857, 865 (S.D. Ind. 2006) (collecting cases)). Plaintiffs offer no

reason to conclude otherwise.  Therefore, the Magistrate Judge recommends that Defendants' motion for judgment on the pleadings be granted as to Plaintiffs' request for damages under the Indiana Constitution.

## IV.     Conclusion

Plaintiffs' amended complaint is inadequate in multiple ways, and Defendants rightfully have challenged that complaint by filing a motion for judgment on the pleadings.  Accordingly, the Magistrate Judge recommends that Defendants' motion for judgment on the pleadings [Docket No. 17] be granted.  This is not to say that Plaintiffs' claims are entirely without merit, or that Plaintiffs should not be given an opportunity to cure these numerous shortcomings, if possible.  Thus, Plaintiffs should be given 14 days from the date of the adoption to file a second amended complaint.  Plaintiffs' counsel shall conduct the necessary research and carefully consider any possible Rule 11 ramifications before filing a second amended complaint.  Any objections to the Magistrate Judge's report and recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Dated:  08/17/2012

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Beth Ann Garrison
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
beth.garrison@indy.gov

Jorge Luis Rodriguez
LAW OFFICE OF JORGE RODRIGUEZ
jr@indylawyer.com

Brian D. Salwowski
b.salwowski@gmail.com

Travis E. Shields
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
travis.shields@indy.gov

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org